IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS CARLIN, ) | |
|     Plaintiff, ) | |
| v. ) | No. 18-CV-1172 |
| ) | |
| CITY OF CHICAGO . ) | |
|     Defendant. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, JESUS CARLIN, by and through his attorneys, Stephen Berrios and Mary Grieb of the Shiller Preyar Law Offices, complains of Defendant, and in support thereof states as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983, § 2201 and § 2202, Federal Rule of Civil Procedure 57, and Illinois law to address deprivations of Plaintiff's rights under the Constitution of the United States.

2. Plaintiff brings this action to obtain a declaratory judgment finding that Defendant City of Chicago Police Department's special order allowing investigative alerts is unconstitutional, facially and as applied to Plaintiff.

**JURISDICTION**

3. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

**VENUE**

4. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

**THE PARTIES**

5. Jesus Carlin is a United States citizen who resides in the Northern District of Illinois.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois. At all times relevant hereto the Chicago Police Department was the law enforcement agency of the Defendant City of Chicago under the jurisdiction of the City Council.

**BACKGROUND**

7. On February 13, 2018, at or around twelve o'clock in the afternoon, Officer Roxane Blecharczyk of the Chicago Police Department went to Plaintiff's residence at 2715 South Drake Avenue, in Chicago, Illinois.

8. At the time Plaintiff was working and not at home. Plaintiff's mother, Juana Carlin, answered the door and spoke with the police.

9. Officer Blecharczyk intended to arrest Plaintiff based on an "investigative alert with probable cause to arrest" entered into the Chicago Police Department computer database on February 12, 2018, for a misdemeanor offense of endangering the life or health of a child.

10. Officer Blecharczyk did not have any personal knowledge of any alleged crimes committed by Plaintiff.

11. There was no warrant issued by a Circuit Court Judge of Cook County to arrest Jesus Carlin or search 2715 South Drave Avenue, in Chicago, Illinois.

12. There was no warrant issued by any court to arrest Jesus Carlin or search 2715 South Drave Avenue, in Chicago, Illinois.

13. The Chicago Police Department went to 2715 South Drake a second time on February 13, 2018, at or around six o'clock in the evening. Plaintiff was not home at the time and his

sister, Elisa Carlin, spoke with the police, who informed her they intended on arresting Plaintiff.

14. An "investigative alert" is a Chicago Police Department intra-department notice that police officers rely on to take someone into custody. It is not an arrest warrant.

15. Investigative alerts derive their authority from Chicago Police Department Special Order S04-16, issued on March 5, 2001. A copy of which is attached to this Complaint as Exhibit A.

16. Additionally, on January 1, 2015, the Chicago Police Department Bureau of Detectives issued Special Order No 15-07, entitled "Investigative Alerts." A copy of which is attached to this Complaint as Exhibit B.

17. The judiciary is in no way involved with the issuance of an investigative alert and it is wholly created, determined and decided by the Chicago Police Department.

18. The Illinois Appellate Court has called into question the constitutionality of "investigative alerts" in several decisions. *See People v. Hyland*, 2012 IL App (1st) 110966, *People v. Jones*, 2015 IL App (1st) 142997, *People v. Starks*, 2014 IL App (1st) 121169.

19. Per the express policy of S04-16, if an officer of the Chicago Police Department runs a name check on an individual and the check reveals an "investigative alert/ probable cause to arrest" that officer must to take the individual into custody.

20. The CPD special order codifies a process by which an "investigative alert" and/or "temporary wants" are entered into a Chicago Police Department database by a police officer thereby notifying all Chicago Police personnel that they should seize the subject of the alert or temporary warrant.

3

21. The requesting officer is only required to submit offense code, name of subject (including aliases), IR number, physical description, last known address, justification for the investigative alert request, requesting member's information when he or she requests an investigative alert.

22. Neither Special Order S04-16 nor Bureau of Detectives special Order No. 15-07 define or establish the requirements for when and under what circumstances an officer or detective can request that an Investigative Alert/Probable Cause to arrest be issued.

23. Through Special Order S04-16, the City of Chicago mandates that officers who run name checks on individuals who have an Investigative Alert/Probable Cause to arrest on file will "take the subject into custody if not already in custody" and will process the arrestee using their normal arrest procedures and notify the person who initiated the investigative alert.

24. The City has a policy of cancelling the Alert once a subject is arrested, but there is no policy or even process for removing an investigative alert if the basis for probable cause becomes stale.

25. The City's Special Order has no requirement that if an arresting officer believes there is no longer probable cause for the arrest that he has to expire the investigative alert.

26. The City's Special Order has no requirement that if the statute of limitations has run on a certain crime that the alert is automatically expired.

27. The City's Special Order has no requirement that if any other CPD personnel receive information that casts doubt on the probable cause basis for the investigative alert that the officer put that information into the alert.


28. The City's Special Order has no requirement that if any other CPD personnel receive information that casts doubt on the probable cause basis for the investigative alert that the officer contact the member that created the original alert.

29. The City's Special Order has no requirement that a police officer present the facts which he believe substantiates the investigative alert to a neutral magistrate.

## Declaratory Judgment Regarding Violation of the Fourth Amendment of United States Constitution

30. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

31. The Fourth Amendment of the United States Constitution grants the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

32. The Defendant's investigative alert policy circumvents and violates the Fourth Amendment of the Constitution of the United States by allowing warrantless arrests of individuals.

33. The Defendant's investigative alert policy circumvents and violates the Fourth Amendment of the Constitution of the United States by allowing arrests of individuals without probable cause.

34. As a result, the Plaintiff is entitled to declaratory judgment and injunctive relief to protect his Constitutional rights.

## *Monell* (Express Policy) Claim
## Against Defendant City of Chicago

35. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

36.     The Constitutional violations detailed above are possible for the Defendant to perpetrate because of the express unconstitutional policy of the Defendant City of Chicago's Police Department concerning investigative alerts.

37.     The written City of Chicago Police Department policy concerning investigative alerts states that officers "who run name checks on individuals who have Investigative Alert/Probable Cause to Arrest on file will: take the subject into custody if not already in custody."

38.     The written CPD policy concerning investigative alerts is designed to circumvent the warrant requirement of the Fourth Amendment to the United States Constitution.

39.     An investigative alert is not an arrest warrant.

40.     An Investigative Alert/ Probable Cause to Arrest notation on an individual's file has not been presented to a neutral magistrate before appearing in someone's file.

41.     The Constitutional violations that Plaintiff will suffer are due to the City of Chicago policy of investigative alerts.

WHEREFORE, Plaintiff demands declaratory relief and judgment against Defendant City of Chicago and for compensatory damages, costs, reasonable attorneys' fees, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

   I.   Issue a declaratory judgment that the City of Chicago's Chicago Police Department Special Order 04-16 is unconstitutional because it violates the Fourth Amendment to the United States Constitution;

   II.  Immediately stay or restrain and preliminarily and permanently enjoin the City or any of its agents from arresting Plaintiff on the basis of any "Investigative Alert";

III. Immediately stay or restrain and preliminarily and permanently enjoin the City from enforcing its unconstitutional policy against Plaintiff;

IV. Immediately stay or restrain and preliminarily and permanently enjoin the City from enforcing its unconstitutional policy against any individuals;

V. Award the Plaintiff compensatory damages and reasonable attorney fees and costs; and

VI. Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

JESUS CARLIN,
By One of His Attorneys:
s/Stephen Berrios
Stephen Berrios
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590